[Civ. No. 32727. Second Dist. Div. One. Feb. 24, 1969.]

ALLAN C. DURAND, Plaintiff and Appellant, v. WILSHIRE INSURANCE COMPANY, Defendant and Respondent.

Frank Renzi, Jr., Ernest L. Graves and Fred Kilbride for Plaintiff and Appellant.

Joseph W. Jarrett and Loyd W. Reed for Defendant and Respondent.

LILLIE, J.—This is an appeal from an order denying a petition to vacate the award of an arbitrator. Arbitration was had pursuant to the compulsory provisions of section 11580.2, subdivision (e), Insurance Code, requiring coverage for bodily injury from an uninsured motorist, as well as under the policy issued to petitioner-appellant by respondent company.

Appellant sustained bodily injuries and damage to his car when the vehicle, then being driven by him, was involved in a collision with another car driven by one Brabant, admittedly an uninsured motorist. Thereafter claims were filed by appellant with respondent as well as with another company, Ohio Casualty, which had issued a policy covering damage to appellant's car. Respondent declined to pay, and the claim went to arbitration. Meantime, before any arbitration hearing could be had, appellant was compensated by Ohio which thereafter as subrogee, but assertedly without appellant's permission, instituted action in the Los Angeles Municipal Court against Brabant; pursuant to his subrogee's demand, however, appellant appeared and testified; judgment was rendered in Brabant's favor on March 21, 1967. At or about the time of the trial of the municipal court action the arbitration proceeding came on for hearing; such action then still pending, respondent at the outset challenged the jurisdiction of the arbitrator by con-

tending that such action was one between the same parties or their privies, thus a bar to the claims asserted by appellant before the arbitrator under the doctrine of collateral estoppel and res judicata. Briefs were filed and evidentiary items presented. Thereafter the arbitrator rendered his decision or "Award" in which he concluded that because of "equitable estoppel" he lacked "jurisdiction" until such time as the judgment in the municipal court action was vacated or eventually decided in appellant's favor; it was further concluded that in such latter event, appellant was entitled to damages from respondent in the sum of $7,500.[1] The judgment in aspects still adverse to appellant eventually became final. In support of his motion in the superior court to vacate the arbitrator's award, no new evidence was offered and appellant relied upon the same matters resulting in the adverse ruling by the arbitrator.

There are express statutory rules, characterized by appellant in his closing brief as "primitive," which specify the grounds for vacating or correcting an arbitrator's award. (Code Civ. Proc., §§ 1286.2, 1286.6.) ▪▪▪ In this appellate proceeding the claim for reversal is not predicated upon any of the grounds set forth in these sections; instead, appellant asserts that the doctrine of collateral estoppel may not be applied to the facts at bar and it was reversible error for both the arbitrator and the superior court so to do. He argues that resort to either collateral estoppel or res judicata is foreclosed by respondent's own contract—coverage IV thereunder being limited to the right of recovery by the insured for "bodily injury"; further that collateral estoppel may not be injected into the controversy because (1) he was not a party to or in privity with a party to the municipal court action, (2) even if it be assumed that he was a party to or in privity with a party to such action, it cannot be ascertained what issues were actually litigated and determined, and (3) the value of applying the doctrine is outweighed by other considerations.

At the outset it should be noted that the issue of collateral estoppel was properly before the arbitrator without objection on appellant's part—this is conceded in appellant's opening brief. In such circumstances, even if the arbitrator's decision was erroenous, it is not subject to judicial review. The conclusiveness of an arbitrator's award against a claimed error

---

[1]The contingent aspect of an award does not invalidate an arbitrator's determination. (*Goossen* v. *Adair*, 185 Cal.App.2d 810, 818 [8 Cal.Rptr. 855].)

of law was extensively discussed in *Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, 185-186 [260 P.2d 156], wherein the court had occasion to refer to numerous court decisions relative to this issue. "Under these cases," said the court, "it must be held that in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided in the statute." (P. 186.) In a preceding paragraph, the court made reference to earlier decisions bearing on the particular problem. Thus, "it is settled that the courts have no power to review the sufficiency of the evidence. (*Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.*, 29 Cal.2d 228 [174 P.2d 441]; 5 Cal.Jur.2d p. 120, § 52.) The law is not quite so clear as to a court's powers of review over questions of law. The earlier cases held that the court had the power to review errors of law, at least where they appeared upon the face of the award. [Citations.] The later cases have gone much farther in granting finality to the award even as to questions of law. In *Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.*, 29 Cal.2d 228, 233 [174 P.2d 441], it was bluntly held that 'The merits of the controversy between the parties are not subject to judicial review.' " (P. 185.) Finally, reference is made in *Crofoot, supra,* to *United States* v. *Moorman*, 338 U.S. 457 [94 L.Ed. 256, 70 S.Ct. 288], wherein the court, "in upholding as final the arbitrator's determination, held that, whether the problem raised was one of law or of fact, the courts should not fritter away the arbitrator's powers under the guise of interpretation." (Pp. 185-186.) To the same effect (that error in law or in fact is not ground for vacating an arbitrator's award) are *Interinsurance Exchange of Auto. Club* v. *Bailes*, 219 Cal.App.2d 830, 834 [33 Cal.Rptr. 533], and *Government Emp. Ins. Co.* v. *Brunner*, 191 Cal.App.2d 334, 337 [12 Cal.Rptr. 547].

▮ The sole grounds for vacating or correcting an arbitrator's award are found in sections 1286.2 and 1286.6, Code of Civil Procedure, *supra,* and a dissatisfied litigant is limited thereto. (*Ulene* v. *Murray Millman of Cal., Inc.*, 175 Cal.App. 2d 655, 660-661 [346 P.2d 494].) ▮ Even if, as will hereinafter be shown and as contended by appellant, collateral estoppel was not available to respondent under the facts presented, did the arbitrator exceed his powers (§ 1286.2, subd. (d)) by finding, albeit erroneously, that such doctrine applied? The compulsory arbitration provisions of section 11580.2, Insurance Code (controlling here), require a "deter-

mination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof. . . ." The above statutory provisions are incorporated with but slight variance in language in the contract of the parties to this litigation and immediately follow further provisions under "Coverage J—Family Protection (Damages for Bodily Injury)." Under "Coverage J" respondent becomes obligated "To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile. . . ." While the court did not have occasion to decide the effect of "Family Protection" coverage, set forth (incidentally) in language identical to the coverage in the subject contract, in *Jordan* v. *Pacific Auto. Ins. Co.*, 232 Cal.App.2d 127 [42 Cal.Rptr. 556], we were required to deal with the legislative purpose behind the enactment of section 11580.2, *supra*: "[I]n line with the strong legislative policy favoring arbitration, it was contemplated that under such provision the arbitrator would decide all facts relative to the issue whether the insured 'shall be legally entitled to recover damages.' " (Pp. 132-133.)[2] It cannot be doubted that "all facts relative to the issue" means "issuable facts" which necessarily include valid defenses to any claim for recovery including that of prior judgments. (See *Interinsurance Exchange of Auto. Club* v. *Bailes, supra*.) It should further be noted that "Coverage J" of the subject policy makes provision for "Arbitration." Pursuant to such provision any claimant under the policy and the company "each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

As stated above, on the record before us the arbitrator erred in deciding that collateral estoppel applied. The pleadings in the municipal court action disclose that the following issues were presented for determination: Brabant's negligence, proximate cause, appellant's contributory negligence and his damages, if any. The judgment which followed the nonjury trial was general in nature: "It is adjudged that on the complaint, plaintiff take nothing and that defendant Elmer J.

---

[2] Appellant professes considerable unhappiness over the *Jordan* holding which was nevertheless followed in *Esparza* v. *State Farm Mut. Auto Ins. Co.*, 257 Cal.App.2d 496 [65 Cal.Rptr. 245] (hearing by the Supreme Court denied).

Brabant recover from Plaintiff Allen C. Durand the sum of $—— damages, $—— attorney fees, $—— interest, together with costs as provided by law in the sum of $............"
Findings were not made, it appearing that neither party made a request therefor. As a consequence, it is impossible to identify which one (or more) of the several issues may have been the basis for the judgment above reached. It may have been predicated upon a determination that defendant Brabant was not negligent without any determination respecting the negligence of plaintiff Durand; or, that both defendant and plaintiff were not negligent; or, that both were negligent and that the negligence of each was the proximate cause of the accident. "To apply the doctrine of estoppel by judgment to an issue in a subsequent action it is not enough that such issue has been *litigated* in a former action; that issue, also, must have been *adjudicated* in the former action." (Italics added; *Stout* v. *Pearson,* 180 Cal.App.2d 211, 214 [4 Cal. Rptr. 313].) *Todhunter* v. *Smith,* 219 Cal. 690 [28 P.2d 916], [and *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892], both of which are relied on by respondent, are cited in *Stout* as supporting the principle above quoted—"such issues in the second action as were actually litigated and determined in the first action" (*Todhunter* v. *Smith, supra,* at p. 695); "any issue necessarily decided" in prior litigation, and the identical "issue decided in the prior adjudication." (*Bernhard* v. *Bank of America, supra,* at p. 813.)

 In summary, therefore, the arbitrator decided the point which was properly before him even if he did so incorrectly; right or wrong the parties each agreed to be bound by any award pursuant to the pertinent provisions of their contract. According to California decisions, the mere fact that the arbitrator used unsound reasoning in reaching a conclusion or reached an erroneous conclusion within the scope of arbitration will not invalidate the result. (*Firestone Tire & Rubber Co.* v. *United Rubber Workers,* 168 Cal.App.2d 444, 449 [335 P.2d 990]; *McKay* v. *Coca-Cola Bottling Co.,* 110 Cal.App.2d 672, 677 [243 P.2d 35].)

 There is still another reason why appellant is not entitled to prevail. Section 11580.2, subdivision (c)(3), Insurance Code, provides that coverage respecting bodily injury becomes inapplicable when "the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor." In *Travelers*

*Indem. Co.* v. *Kowalski,* 233 Cal.App.2d 607 [43 Cal.Rptr. 843], the above subdivision was held to be free of any ambiguity: "Its language is perfectly clear. It declares with certainty that the insurance provided in the statute does not apply when the insured, without the written consent of the insurer, prosecutes to judgment any action against the uninsured motorist. There is no room for construction here." (P. 610.) Appellant nonetheless ·contends that he was neither a party nor in privity with a party to the municipal court action and had no control over its prosecution, although he concedes that he became a possible beneficiary thereof to the extent of his $100 deductible loss if his subrogee (Ohio Casualty) had prevailed; and, of course, it is not disputed that respondent's written consent to such action was never obtained. He argues, as was unsuccessfully done in *Kowalski,* that insurance contracts should be given a liberal construction in favor of the insured, and he also raises the questions of public policy. Certain of these latter questions, pertinent here, were given consideration in *Mills* v. *Farmers Ins. Exchange,* 231 Cal.App.2d 124, 129 [41 Cal.Rptr. 650]: "In the 1959 statute there was, as there still is, an exemption for the insurer of an injured person if the insured obtained judgment against or made a settlement with *any person.* (Stats. 1959, p. 2836; Ins. Code, § 11580.2, subd. (c)(3).) It does not seem that this provision was included only for the purpose of preventing double recovery by the insured because there is not merely pro tanto reduction of the injured party's claim against his insurer, but a complete exemption unless the insurer has consented. It is logical to believe that at least one purpose of this exemption is to prevent the insured from interfering with the insurer's right of subrogation." Assuming that the critical issues in the municipal court action had been actually litigated and specifically decided in Brabant's favor, according to appellant he would nevertheless be entitled to recompense from respondent in the subject arbitration proceeding, thus placing him in a better position in arbitration than he would be before the courts; in our view, this is not the purpose behind the legislation covering uninsured motorist legislation.

The order is affirmed.

Fourt, Acting P. J., and Thompson, J., concurred.

A petition for a rehearing was denied March 18, 1969, and appellant's petition for a hearing by the Supreme Court was denied April 23, 1969.