[Civ. No. 33444.   Second Dist., Div. One.   Aug. 18, 1969.]

MINNIE ALLEN et al., Plaintiffs and Respondents, v. INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Defendant and Appellant.

John F. Cobb, Clifford Lindvig and Charles M. Farrington for Defendant and Appellant.

Coleman & Silverstein, James Coleman and Irving Davidson for Plaintiffs and Respondents.

WOOD, P. J.—Mrs. Allen and Mrs. Rolland petitioned the superior court for an order vacating an arbitration award. The award was vacated, and the Interinsurance Exchange of The Automobile Club of Southern California (respondent named in the petition) appeals from the order.

Appellant contends that since the award was final, it could not be vacated.

The petitioners Mrs. Allen and Mrs. Rolland, who were in an automobile driven by Clarence Mathis, were injured when that automobile and an automobile of an uninsured motorist collided. Mathis was insured by Interinsurance Exchange under a policy of liability insurance which included uninsured motorist coverage and provisions for arbitration. Petitioners asked for arbitration of their claims. The arbitrator made the following finding: "The driver of the automobile, Clarence Mathis, in whose vehicle Claimants were guest passengers, is found to have been contributorily negligent, and this negligence is imputed to the Claimants. Therefore, Claimants are not legally entitled to recover damages." The award of the arbitrator denied the claims of petitioners.

About 22 days after denying the claims, the arbitrator wrote a letter to the American Arbitration Association stating in substance that since rendering his award he had come to the conclusion that he was mistaken as to the law to be applied; and after reviewing the Insurance Code section 11580.2 and the law relating to the imputation of negligence of a host

driver to his guests, he had concluded that the negligence of Mathis (driver) would not bar his passengers from recovering upon his policy in the absence of a master-servant, principal-agent, or joint-venturer relationship; and he believed that he should vacate his award and meet with counsel so that the matter might be resubmitted.

About three days later the association replied by letter stating that it appeared that the only redress would be to petition the superior court.

About 10 days thereafter, the arbitrator wrote a letter to counsel for petitioners stating that he "did not properly apply the California law to the facts of this case" and that he had made "errors of law."

About four days later the claimants (petitioners) filed a petition in the superior court alleging that the award was against the law and should be vacated pursuant to section 1286.2, subdivisions (c) and (e), of the Code of Civil Procedure.

The Interinsurance Exchange, in its response to the petition, denied that the arbitrator exceeded his powers or in any other manner conducted himself contrary to the provisions of law concerning arbitration.

The court made the following order: "Petition to vacate award granted. It appears on the face of the award that it was based on an error of law."

Section 1286.2 of said code provides as follows: "Subject to Section 1286.4,[1] the court shall vacate the award if the court determines that:

"(a) The award was procured by corruption, fraud, or other undue means;

"(b) There was corruption in any of the arbitrators;

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing . . . or by the refusal of the arbitrators to hear evidence . . . or by other conduct of the arbitrators contrary to the provisions of this title."

---

[1]Code of Civil Procedure, section 1286.4, sets forth procedural conditions for the vacation of awards.

The record herein consists of a clerk's transcript of proceedings in the superior court. The reporter's transcript, if any, of the arbitration hearing is not included in the record on appeal. The clerk's transcript, of course, does not show the manner in which the collision of automobiles occurred or show the relationship between the petitioners and the driver of the automobile in which they were riding.

With reference to uninsured motorist coverage, the policy provides (Part IV) in part that the insurer shall "pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile, because of bodily injury sustained by the insured,[2] caused by accident and arising out of ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this Part, determination as to whether the insured . . . is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured . . . and the Exchange or, if they fail to agree, by arbitration."

Section 11580.2 of the Insurance Code sets forth provisions required to be included in policies of liability insurance arising out of the ownership, maintenance or use of motor vehicles; and provides in part [subdivision (a)] that such policies shall contain a provision insuring the insured for all sums which he may be "legally entitled" to recover as damages for bodily injury from the owner or operator of an uninsured motor vehicle. Subdivision (e) of said section provides in part that the policy shall provide that the determination as to whether the insured shall be "legally entitled" to recover damages, and if so, the amount thereof, shall be made by agreement between the insured and the insurer, or in the event of disagreement, by arbitration.

As above shown, the insurance policy issued to the driver Mathis by Interinsurance Exchange provided that the insurer would pay all sums which the insured (including occupants of insured automobile) would be "legally entitled" to recover as damages from the driver of an uninsured automobile; and that the determination as to whether the insured was "legally entitled" to recover damages should be made by arbitration. Also, those provisions in the policy were required by statute.

[2]The policy defines "insured" to include any person occupying the owned automobile provided the actual use thereof is by or with the permission of the named insured.

It thus appears that, by such provisions for arbitration, it was contemplated that submission to arbitration thereunder would be upon the basis that the arbitrator, in determining the "legally entitled" issue, would make the determination according to principles of law, that is, he would determine, upon the facts found, whether the insured was "legally entitled" to recover damages—as distinguished from making the determination upon principles of justice and equity.

In *Sapp* v. *Barenfeld*, 34 Cal.2d 515, 523 [212 P.2d 233], it was said: "Arbitrators, unless specifically required to act in conformity with *rules of law,* may base their decision upon broad principles of *justice and equity,* and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action." (Italics added.)

In the present case, it is apparent that under the policy and statutory provisions, requiring arbitration, the arbitrator was required, in determining whether the insured was "legally entitled" to damages, to act in conformity with rules of law.

The document which constitutes the arbitrator's findings and legal conclusions is as follows: "The driver of the automobile, Clarence Mathis, in whose vehicle Claimants were guest passengers, is found to have been contributorily negligent, and this negligence is imputed to the Claimants. Therefore, Claimants are not legally entitled to recover damages."

That document shows upon its face that the arbitrator made a gross error of law in determining, upon the facts found, that the claimants were not entitled to recover damages. He found as facts that the driver of the automobile, in which the claimants were guest passengers, i.e., riding therein as guests, was contributorily negligent. His legal conclusion, immediately following that finding, was that "this negligence is imputed to the Claimants." His further legal conclusion immediately thereafter, in determining whether the claimants were "legally entitled" to recover damages, was: "Therefore, Claimants are not legally entitled to recover damages."

The gross error of law referred to is, of course, the conclusion therein that the negligence of the driver is imputed to the guests and therefore the claimants (guests) are not legally entitled to recover damages. ■ The negligence of a driver of an automobile, in which a guest is riding, is not to be imputed to the guest. (*Hoover* v. *Striegel,* 99 Cal.App.2d 833 [222 P.2d 963]; 2 Witkin, Summary of Cal.Law (1960) p. 1541, § 341.) It is to be noted that the arbitrator declared that the negligence of the driver was *imputed* to the guests—there was no finding of any contributory negligence on the part of

the guests, such as their failure to protest negligent conduct of the driver. A guest's own contributory negligence, such as failure to so protest or to warn the driver, might bar a guest from recovering damages, but the driver's negligence cannot be *imputed* to a guest.

The question as to whether an arbitrator's award may be vacated by reason of an error of law was considered in *Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156 [260 P.2d 156]. It was said therein (pp. 185-186) : "Certainly it is settled that the courts have no power to review the sufficiency of the evidence. [Citations.] The law is not quite so clear as to a court's powers of review over questions of law. The earlier cases held that the court had the power to review errors of law, at least where they appeared upon the face of the award.* [Citations.][3] The latter cases have gone much furin granting finality to the award even as to questions of law." In the *Crofoot* case, after referring to other cases, the court said (p. 186) : "Under these cases it must be held that in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided in the statute." (See, also, *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.*, 271 Cal.App.2d 675, 700-701 [77 Cal.Rptr. 100] ; *Hohn* v. *Hohn*, 229 Cal.App.2d 336, 342-343 [40 Cal.Rptr. 125] ; *Interinsurance Exchange Auto. Club* v. *Bailes*, 219 Cal. App.2d 830, 834-835 [33 Cal.Rptr. 533] ; *Ulene* v. *Murray Millman of Cal., Inc.*, 175 Cal.App.2d 655, 660-661 [346 P.2d 494] ; *United States Plywood Corp.* v. *Hudson Lbr. Co.*, 124 Cal.App.2d 527, 529-530 [269 P.2d 93].)

In the present case, as above indicated, the insurance policy and the statute, which required arbitration for determining a claim against an uninsured motorist, contained a specification which in effect limited the arbitrator to making his determination (as to recovery of damages) in conformity with rules of law, as distinguished from making such determination upon broad principles of equity and justice.

As above shown, one of the grounds provided in the statute for vacating an award is that the "arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc., § 1286.2, subd. (d).) In *Allstate Ins. Co.* v.

---

[3]The asterisk in that quotation referred to a footnote which stated: "But even prior to 1927 it was held that only 'gross' errors of an arbitrator were reviewable—*In re Connor*, 128 Cal. 279, 282 [60 P. 862]."

*Orlando,* 262 Cal.App.2d 858 [69 Cal.Rptr. 702], an arbitrator, in rendering an award, found that he had jurisdiction to determine the issue of statute of limitations, and that the claim involved was not barred by the statute of limitations. Upon a motion in the superior court to vacate that award, the motion was granted on the ground that the arbitrator did not have jurisdiction to determine the issue of statute of limitations. The reviewing court, in upholding the ruling, said (p. 866) : ''The arbitration award was invalid because the arbitrator in deciding the legal issue of his jurisdiction to determine the 'statute of limitations' issue exceeded his powers.''

It thus appears in that case, where an arbitrator's award was based upon his error in law, his award was vacated by the court upon the ground that he had exceeded his powers.

In the present case, as above indicated, the error in law appeared upon the face of the findings and conclusions on which the award was based. In addition thereto, the arbitrator has stated in writing that the award was based upon his error in applying a rule of law. ■ Although the error in law is shown in the award, the statement of the arbitrator could properly be considered for the purpose of determining what he regarded as the legal issue before him. In *Sapp* v. *Barenfeld, supra,* plaintiff sought an order vacating an award on the ground that the arbitrators failed to consider an item of alleged damage. In order to prove such failure, an affidavit of an arbitrator was received in evidence. The appellant therein contended that the affidavit was inadmissible as tending to impeach the award. The court therein said (p. 523) that the arbitrator's testimony was admissible to show what matters were submitted for decision and were considered by the arbitrators. In *Banks* v. *Milwaukee Ins. Co.,* 247 Cal.App.2d 34, 39 [55 Cal.Rptr. 139], plaintiff (appellant) sought an order vacating the award on the ground, among others, that the arbitrator had failed to consider the issue of general damages. A declaration of the arbitrator, presented to the trial court, stated that the arbitrator had rendered an award for special damages, and through inadvertence, mistake, and excusable neglect he had omitted an award for general damages. The reviewing court; in holding that the declaration was admissible, said that the contention of respondent that the declaration was not admissible was answered in the case of *Sapp* v. *Barenfeld* (hereinabove referred to). Appellant, in the present case, after stating that the general rule is that an arbitrator may not impeach his award, cites Sturges on ''Commercial Arbitration and Awards'' (1930), page 781,

wherein it is said: "Analogy to a similar restriction upon jurors impeaching their verdict is often cited in support of this principle." In the recent case of *People* v. *Hutchinson,* 71 Cal.2d 342 [78 Cal.Rptr. 196, 455 P.2d 132], the subject of jurors' impeaching their verdict was discussed at length, and it was said (p. 351): "We therefore hold that jurors are competent witnesses to prove objective facts to impeach a verdict under section 1150 of the Evidence Code." In that case the defendant, in support of his motion for a new trial, submitted an affidavit of a juror alleging misconduct of the bailiff who was in charge of a deliberating jury. The affidavit was to the effect that the bailiff rushed the jurors in their efforts to reach a verdict; that about 6:30 p.m. he told them that if they were taken out to dinner they would be locked up overnight; that later the bailiff said to them, in an angry manner, "This is it," and then he gave them five or ten more minutes and said that if they had not reached a verdict, that was it. In that case, the Supreme Court said that the bailiff's remarks and the tone of their delivery constitute statements and conduct that are "likely to have influenced the jury improperly"; and that the affidavit of the juror was admissible to prove the statements and conduct of the bailiff.

In the present case, the statement of the arbitrator is not to be regarded as impeachment of the award, but as a statement regarding the fact as to what the arbitrator considered was the legal issue submitted to him.

In Corpus Juris Secundum, volume 6, page 254, it is said: "Although they are not required to do so, if it is clearly shown that the arbitrators intended to decide according to the law, and it also plainly appears that they mistook or misconstrued the law, the award must be held to operate as a miscarriage of the intention of the arbitrators, and, on this ground, the award will be set aside. However, in applying the rule it is essential that the intent of the arbitrators to decide according to law should plainly appear, and that the error be clear and such as has plainly conducted the judgment of the arbitrators to a wrong conclusion." It is also said therein (*ibid.*): "Except where it is otherwise provided by statute, it is very generally held that a mistake of law which would justify setting aside an award may and must appear on the face thereof. It has been held, however, that this requirement is satisfied where a paper stating the reasons for the decision and substantially forming part of the award is filed or deliv-

ered with it, although the paper is not expressly referred to by the award." It is said further therein (*ibid.*) : "Although there are a few decisions to the contrary, it is ordinarily held that, where the reasons of the award and the rules of law by which the arbitrators profess to be governed are stated by them in the award, this is proof of their intention to decide according to such law, in which event the court may set aside the award for mistake of the law."

The *Crofoot* case, *supra,* states that in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided by statute.

In the present case, as contradistinguished from that case, there was not "an absence of some limiting clause." Herein, as above stated, the policy and the statute, which required arbitration with reference to the claim, contained a specification which in effect limited the arbitrator to making his determination in conformity with rules of law.

It is apparent that the error of the arbitrator did not pertain to the sufficiency of the evidence or to the ultimate facts —it was a gross error in law of applying the rule of imputed negligence to guests who were in the automobile driven by Mathis. Such error not only appeared on the face of the findings and conclusions, but the arbitrator's written statement was a confirmation that, upon the issue submitted to him as to whether the claimants were legally entitled to recover damages, he was endeavoring to decide in conformity with rules of law, and that the award was based upon his error in law of imputing negligence to guests.

It is also apparent that the review of the award by the superior court was not a review as to the sufficiency of the evidence; nor was it a determination of a debatable question as to interpretation of law. The court's minute order, granting the petition to vacate the award, states that it "appears on the face of the award that it was based on an error of law."

Under the circumstances here, where the arbitration was required by the insurance policy and the statute—and was not voluntary in the usual sense, and where the arbitrator was required to act in conformity with rules of law, the order vacating the award was a proper remedy for the arbitrator's manifest misapplication of established law.

The order vacating the award is affirmed.

Fourt, J., and Lillie, J., concurred.