[Civ. No. 39540. Second Dist., Div. One. Oct. 30, 1972.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Plaintiff and Respondent, v.
AGHAUNI GULESERIAN, Defendant and Appellant.

**COUNSEL**

William T. Brandlin for Defendant and Appellant.

Spray, Gould & Bowers and Daniel O. Howard for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—This is an appeal from an order vacating an arbitrator's award in an arbitration conducted pursuant to the provisions of the Uninsured Motorist Law. By reason of *Orpustan* v. *State Farm Mut. Auto. Ins. Co.,* 7 Cal.3d 988 [103 Cal.Rptr. 919, 500 P.2d 1119], decided while this appeal was pending, we reverse the order of the trial court.

Respondent, State Farm, issued its policy of automobile liability insurance to Vahan Guleserian. The policy includes uninsured motorist coverage and provisions for arbitration. "Coverage U" of the policy provides in pertinent part that State Farm agrees "To pay all sums which the insured or his legal representative shall be legally entitled to recover

as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of [an] uninsured automobile. . . ." In a section of the policy entitled "Definitions," it reads: "Uninsured Automobile—under coverage U means: (1) a land motor vehicle with respect to the ownership, maintenance or use of which . . . no bodily injury liability bond or insurance policy [was] applicable at the time of the accident . . .; or (2) a hit-and-run automobile as defined . . . Hit-and-Run Automobile—under coverage U means a land motor vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident, provided: . . ." the identity of the owner or operator of which cannot be ascertained.

The policy provides for arbitration in the following terms: "for the purposes of this coverage [U], determination as to whether the insured or [his legal] representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration." Paragraph 10 of "Conditions" of the policy states: "Arbitration. If any person making claim under coverage U and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator . . . The two arbitrators shall then hear and determine . . . the questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company. . . ."

The insured, Vahan Guleserian, was killed as the result of an accident involving his automobile and that of a hit-and-run driver. Appellant, his widow, filed a claim under the uninsured motorist provisions of the insurance policy issued by respondent. Apparently recognizing the provisions of Insurance Code section 11580.2 that the issues raised by an unresolved claim for uninsured motorist coverage should be determined in a proceeding "conducted by a single neutral arbitrator," the parties ignored the policy language providing for a board of three arbitrators and referred the matter to George O. West as the single neutral arbitrator.

Mr. West, after hearing the matter, found that Mr. Guleserian, the deceased insured, had been contributorily negligent. He, however, interpreted the Insurance Code as imposing absolute liability upon the uninsured motorist insurance carrier in "the hit-and-run situation," irrespective of

contributory negligence of the insured or lack of negligence of the uninsured motorist. Accordingly, he awarded damages to appellant in the amount of $7,537.41. Respondent, State Farm, filed a petition to vacate award in the superior court. That court granted the petition. On this appeal from that order, appellant contends: (1) The award of the arbitrator must be upheld even if based upon an erroneous legal concept; and (2) in any event, the award is correct as a matter of law. Compelled by the recent decision of our Supreme Court in *Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra,* 7 Cal.3d 988, we conclude that issue, upon which the arbitrator based his decision, was properly before him. We conclude also that, although the arbitrator's decision may have been based upon an error in law, it may not be set aside.

Subdivision (a) of Insurance Code section 11580.2 requires that a policy of automobile bodily injury liability insurance contain a provision "insuring the insured . . . for all sums . . . which he . . . shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle" unless the provision is waived as provided in the section. An "uninsured motor vehicle" is defined by the statute to include a motor vehicle whose "owner or operator [is] unknown." Subdivision (f) of section 11580.2 requires that: "The policy . . . shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration."

Insurance Code section 11580.2 thus differs from the provisions of the policy in its statement of the issue to be referred to the arbitrator. The policy defines the issue to be resolved by agreement, or failing that, by arbitration, as whether the insured "[is] legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured." Subdivision (f) of the statute defines it as "the determination as to whether the insured shall be legally entitled to recover damages." If section 11580.2 imposes a broader obligation to arbitrate than is provided in the policy, the statute controls. (*Aetna Cas. & Surety Co.* v. *Superior Court,* 233 Cal.App.2d 333, 336 [43 Cal.Rptr. 476].) We thus must decide whether the phrase "the determination as to whether the insured shall be legally entitled to recover damages," used in subdivision (f) of section 11580.2, means damages "for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle" as the phrase is used in subdivision (a) of the statute, or means damages recoverable from the insurer upon the insured's claim under his uninsured motorist coverage. The former meaning is consistent with the

policy and, if applied, validates the trial court's determination that the arbitrator decided the matter upon an issue (absolute liability of the insurer to the insured) that was not properly before him. The latter meaning, if applied, leads to the conclusion that the arbitrator did not exceed his power.

Court of Appeal opinions extant when the matter was before the trial court generally followed the principle that, in an arbitration limited in scope to that required by subdivision (f) of section 11580.2 and not broadened by the terms of the submission itself, the "issues relate to the liability of the uninsured motorist to the insured, not to the amount of money the insurance company must pay. . . ." (*Commercial Ins. Co.* v. *Copeland*, 248 Cal.App.2d 561, 564 [56 Cal.Rptr. 794]; *Fisher* v. *State Farm Mut. Auto. Ins. Co.*, 243 Cal.App.2d 749, 751 [52 Cal.Rptr. 721].) The conflict between that principle and the policy underlying arbitration of uninsured motorist disputes and the disarray in decisional law resulting from its application were highlighted in scholarly detail in an opinion of the Court of Appeal in *Felner* v. *Meritplan Ins. Co.*, 6 Cal.App.3d 540 [86 Cal.Rptr. 178]. The *Felner* opinion concludes with the observation that "it would be helpful for the Supreme Court to clarify the somewhat confusing body of procedural law which has grown up in uninsured motorist coverage and indicate the scope of future arbitration submissions." (6 Cal.App.3d at p. 547.) No petition for hearing was filed in *Felner*, however.

The question of the scope of issues deemed submitted to arbitration by subdivision (f) of section 11580.2 reached our Supreme Court in *Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra,* 7 Cal.3d 988. There, a plaintiff sued to compel arbitration of a claim for uninsured motorist coverage contained in a policy identical with that in the case at bench. The insurer defended on the ground that the injuries were not covered by the policy because they were not caused by an uninsured motorist. It argued that both the policy and section 11580.2 define a hit-and-run motorist as the operator of an uninsured vehicle only when there is contact between the automobile driven by the unknown driver and the insured, and that there had been no contact. Our Supreme Court characterized the issue stating: "The primary point of dispute between the parties is the purport of the arbitration agreement. Plaintiff contends that all disputes arising under the uninsured motorist coverage should be subject to decision by the arbitrator, including the issue of physical contact in relation to the insurer's liability under the policy. . . . On the other hand, defendant maintains that it was for the court to decide as a preliminary independent question whether there was physical contact between

the unidentified car and the insured's vehicle, and that, absent a judicial finding of such fact, the arbitrator was without jurisdiction to proceed." It decided the issue so framed stating: "It is our opinion that plaintiff's view should prevail in leaving the entirety of the controversy to the determination of the arbitrator . . . . 'It is for the arbitrators to determine which issues were actually "necessary" to the ultimate decision.' " (*Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra,* 7 Cal.3d at pp. 991-992.)

■ The rule of *Orpustan* compels the conclusion that subdivision (f) of Insurance Code section 11580.2 must be construed to empower the arbitrator to determine "whether the insured [with uninsured motorist coverage] shall be legally entitled to recover damages" from the insurer providing that coverage and the amount of the recovery. Only if *Orpustan* is so read does the issue of "contact," totally irrelevant to the issue of liability of the hit-and-run motorist to the insured, become arbitrable. ■ Application of that rule in the case at bench impels the result that the issue here determined by the arbitrator was properly before him and that the award of the arbitrator was improperly set aside by the trial court.

Respondent argues in support of the trial court's determination that an award of an arbitrator, even if within the issues properly before him, may be set aside for an "eggregious error of law." That argument is contrary to the weight of precedent.

Code of Civil Procedure section 1286.2 states that a court may vacate an arbitration award if it was procured by corruption, fraud, or other undue means, if there was corruption in an arbitrator, if the rights of the parties were substantially prejudiced by conduct of a neutral arbitrator, or if a party was prejudiced by a refusal of the arbitrator to grant a continuance for good cause or to hear material evidence. Section 1286.2 describes the only grounds for setting aside an arbitration award. (*National Union Fire Ins. Co.* v. *Superior Court,* 252 Cal.App.2d 568, 571 [60 Cal.Rptr. 535].) An error of law committed by the arbitrator, no matter how gross, is not one of them. (*O'Malley* v. *Petroleum Maintenance Co.,* 48 Cal.2d 107, 111 [308 P.2d 9]; *Griffith Co.* v. *San Diego Col. for Women,* 45 Cal.2d 501, 510 [289 P.2d 476, 47 A.L.R.2d 1349].) In the context of arbitration of a claim for uninsured motorist coverage, the award of an arbitrator has been held binding although it erroneously applies the doctrine of collateral estoppel (*Durand* v. *Wilshire Ins. Co.,* 270 Cal.App.2d 58, 61 [75 Cal.Rptr. 415]), or the doctrine of res judicata (*Interinsurance Exch.* v. *Bailes,* 219 Cal.App.2d 830, 836 [33 Cal.Rptr. 533]), or is reached upon consideration of inadmissible evidence (*Frantz* v. *Inter-Insurance Exchange,* 229 Cal.App.2d 269, 275 [40 Cal.Rptr.

218]). (See also *Pacific Automobile Ins. Co.* v. *Lang,* 265 Cal.App.2d 837, 841 [71 Cal.Rptr. 637], "In California the applicable rule is that an arbitrator may make a binding award which a court is required to enforce, even though the award conflicts with substantive law, . . .")

Respondent relies upon contrary language in *Allen* v. *Interinsurance Exchange,* 275 Cal.App.2d 636 [80 Cal.Rptr. 247], to the effect that an arbitration award in an uninsured motorist matter may be set aside for a grievous mistake of law by the arbitrator. *Allen,* a decision by this division of the Court of Appeal for the Second District, does so state. But *Allen* was decided by the same division which, about six months earlier, ruled expressly to the contrary in *Durand* v. *Wilshire Ins. Co., supra,* 270 Cal.App.2d 58. Two judges of the panel which heard *Allen* were also on the panel which heard *Durand.*[1] Nothing in *Allen* expressly or by implication overrules *Durand.* An effort to reconcile the two cases is required. The distinction appears to be that in *Allen,* the arbitrator, within 20 days of filing his award, attempted to rectify it, admitting that he had made a gross mistake of law in application of the rule of imputed negligence. I would analyze *Allen* as standing for no more than that, in limited circumstances and to prevent an injustice, an arbitrator may, within a reasonable but very short time after he has filed his award, correct it. So analyzed, *Allen* does not permit vacation of an arbitrator's award for mistake of law alone, no matter how grievous.

The judgment (order) is reversed.

Clark, J., concurred.

**WOOD, P. J.**—I concur in the judgment. In the recent case of *Orpustan, supra,* which related to "uninsured motorist" and alleged hit-and-run unidentified automobile (including legal question of "physical contact"), the Supreme Court decided that "the entirety of the controversy" should be left to the arbitrator. In the present case the arbitrator said that, on the issue of liability, his interpretation of the Insurance Code was "that there does not have to be evidence of negligence; in other words, the hit-and-run situation is sufficient, or it's in the nature of strict or absolute liability." He also said that if he "were to have to find on the issue of negligence," he would find that the hit-and-run person was negligent, and also that there was contributory negligence on the part of the deceased.

---

[1] The author pleads guilty to participation in the decision in *Durand,* but denies having been on the panel which decided *Allen.* The concurring justice is totally innocent. The concurring presiding justice participated in *Allen* but not in *Durand.*

Also, he said that "one of the vehicles was at an angle to the other vehicle, and that would suggest to me [him] that the deceased was passing on the right for some reason or running into something," so that under his interpretation of the Insurance Code, "if there were to be a determination of the issues of negligence and contributory negligence," he would decide that there was contributory negligence as a proximate cause of the accident. He said further: "But so the record is clear, I take the position that under the Insurance Code where you have a hit-and-run situation, that's all you have to show, that there was in fact a hit-and-run situation and there was physical contact between the vehicles."

Under the principle of the *Orpustan* case, the entirety of the controversy herein (including the legal question whether the insured was legally entitled to recover damages) was left to the arbitrator. In the controversy herein there were several legal issues, such as whether there was a hit-and-run automobile within the meaning in the insurance policy and the statute; whether there was "physical contact" between the vehicles as required by the policy and the statute; whether there was negligence and contributory negligence; whether there was liability solely because there was a hit-and-run unidentified automobile; and whether the insured was legally entitled to recover damages. It appears from the arbitrator's statement, made at the time of his decision, that contributory negligence was not a factor in his determination of the issue of "legally entitled to recover damages." He decided that issue upon his legal interpretation of the statutory definition of "uninsured motorist" when a hit-and-run unidentified automobile was involved. In view of the *Orpustan* case and under the circumstances here, the arbitrator could decide the matter upon his legal intepretation of the hit-and-run provision of the Insurance Code and the insurance policy.