[No. C020609. Third Dist. Mar. 27, 1996.]

MICHAEL PORTER, Plaintiff and Respondent, v.
GOLDEN EAGLE INSURANCE COMPANY, Defendant and Appellant.

**1284**

---

**COUNSEL**

Luna, Brownwood & Rice and Michael B. Eddy for Defendant and Appellant.

Weinberger & Associates and Joseph B. Weinberger for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—In *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1 [10 Cal.Rptr.2d 183, 832 P.2d 899] our Supreme Court held that courts may review arbitration awards only pursuant to Code of Civil Procedure section 1286.2 (all undesignated section references are to the Code of Civil Procedure), which does not permit judicial scrutiny of the correctness of arbitrators' decisions.[1] (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 28.) The court reasoned in part that when persons freely contract to keep their disputes out of the judicial system by submitting them to arbitration, the judicial system should honor this decision by refusing to overturn arbitrators' resolutions of such disputes even if erroneous in fact or law. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at pp. 8, 11-12.)

Because the arbitration award in *Moncharsh* arose out of private contractual arbitration (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at pp. 6-7), the Supreme Court there did not reach the question before us now: should judicial review of uninsured motorist arbitration proceedings, mandated by Insurance Code section 11580.2, also be limited to the grounds set forth in section 1286.2? We hold that the answer is yes. So holding, we affirm the judgment below, which confirmed an arbitration award.

## BACKGROUND

Plaintiff Michael Porter is a truck driver employed by Caires CKC Enterprises, Inc. (Caires). Defendant Golden Eagle Insurance Company (defendant) provides Caires with both workers' compensation insurance and uninsured/underinsured motorist insurance.

[1]Section 1286.2 provides that a trial court shall vacate an arbitration award "if the court determines any of the following: [¶] (a) The award was procured by corruption, fraud or other undue means. [¶] (b) There was corruption in any of the arbitrators. [¶] (c) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [¶] (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [¶] (e) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title. [¶] (f) An arbitrator making the award was subject to disqualification upon grounds specified in subdivision (e) of Section 1282, but failed upon receipt of timely demand to disqualify himself or herself as required by those provisions. However, this subdivision does not apply to arbitration proceedings conducted under a collective bargaining agreement between employers and employees or between their respective representatives."

Plaintiff suffered injury when his truck collided with a car driven by Michele Pacquet. Defendant, wearing its workers' compensation hat, paid $17,192.67 to or on behalf of plaintiff in workers' compensation benefits.

Plaintiff subsequently settled with Pacquet's insurer for $15,000. As part of the compromise and release of plaintiff's claim against Pacquet, defendant received $4,000 of this money and plaintiff received $11,000.

Plaintiff then sought additional compensation from defendant pursuant to its uninsured/underinsured motorist policy, which had a limit of $60,000 per accident. The matter went to mandatory arbitration. (Ins. Code, § 11580.2, subd. (f).)[2]

The parties briefed the case for the arbitrator. Defendant's brief, under the heading "OFFSETS TO WHICH RESPONDENT IS ENTITLED[,]" argued that plaintiff could legally receive no more than $27,807.33 under the policy because his recovery must be offset by the $17,192.67 in workers' compensation benefits which defendant had paid him, as well as the $15,000 which Pacquet's insurer had paid him.[3] Plaintiff—in a brief captioned "PLAINTIFF'S ARBITRATION BRIEF RE: WORKER'S COMPENSATION SETOFF"—disputed these contentions.

The arbitrator found that plaintiff was entitled to recover $72,490 from defendant, minus the $11,000 he had received from Pacquet's insurer, for a net award of $61,490. As to the workers' compensation setoff, the arbitrator found that although defendant's position had support in statutory and decisional law, defendant had waived the right to assert this setoff now by its prior acceptance of a workers' compensation setoff of $4,000 in the settlement with Pacquet.

Plaintiff filed a petition in the trial court to confirm the arbitration award. Defendant opposed it and filed a counterpetition to vacate or correct the

---

[2]This provision states in part: "The [uninsured/underinsured motorist] policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." (Ins. Code, § 11580.2, subd. (f).)

Defendant's policy contains the following relevant provision: "If we and an 'insured' disagree whether the 'insured' is legally entitled to recover damages from the owner or driver of an 'uninsured motor vehicle' or do not agree as to the amount of damages that are recoverable by that 'insured,' the disagreement will be settled by a single neutral arbitrator. However, disputes concerning coverage under this endorsement may not be arbitrated. . . ."

[3]As to the workers' compensation setoff defendant relied on Insurance Code section 11580.2, subdivisions (h)(1) and (p), which provide that recovery against both uninsured and underinsured motorists is to be reduced by the amount paid or payable to the victim under workers' compensation, and on *Rudd* v. *California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948 [268 Cal.Rptr. 624].

award, contending (1) the award was erroneous as a matter of law because it failed to subtract the workers' compensation setoff from plaintiff's recovery, and (2) the arbitrator had exceeded his powers by deciding a "coverage dispute" (i.e., the workers' compensation setoff) which the parties did not submit to him.

At the hearing on the petitions, the trial court found that defendant's brief in the arbitration proceeding had submitted the issue of the workers' compensation setoff to the arbitrator, notwithstanding any contrary language in defendant's policy. The court subsequently issued an order confirming the arbitration award and entered judgment thereon, from which defendant appeals.

## DISCUSSION

### I

█ Defendant contends the arbitrator failed to follow the law in making the award. We shall conclude any errors of law are not subject to judicial review.

In the landmark case of *Moncharsh* v. *Heily & Blase, supra*, our Supreme Court exhaustively analyzed the scope of judicial review of contractual arbitration, from its common law origins to its current statutory regime. █ The court noted that the Legislature, in enacting the present statutory scheme (§ 1280 et seq.), expressed a strong public policy preference for arbitration as a quick, efficient, and final means of resolving disputes. (*Moncharsh* v. *Heily & Blase, supra*, 3 Cal.4th at p. 9.) This preference "requires that judicial intervention in the arbitration process be minimized." (*Id.* at p. 10.) █ Therefore ". . . it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Moncharsh* v. *Heily & Blase, supra*, 3 Cal.4th at p. 11; see also *Advanced Micro Devices, Inc.* v. *Intel Corp.* (1994) 9 Cal.4th 362, 366-367 & fn. 1 [36 Cal.Rptr.2d 581, 885 P.2d 994].)

The risk of injustice from arbitral error under this rule is acceptable for two reasons: "First, by voluntarily submitting to arbitration, the parties have agreed to bear that risk in return for a quick, inexpensive, and conclusive resolution to their dispute. . . . [¶] . . . [S]econd . . . [,] the Legislature has reduced the risk to the parties of such a decision by providing for judicial review in circumstances involving serious problems with the award itself, or with the fairness of the arbitration process. . . . [The court here sets out the statutory grounds for vacating or correcting awards (§§ 1286.2, 1286.6).] [¶]

. . . In light of these statutory provisions, the residual risk to the parties of an arbitrator's erroneous decision represents an acceptable cost—obtaining the expedience and financial savings that the arbitration process provides —as compared to the judicial process." (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at pp. 11-13.)

After tracing the history of "the general rule" that courts may not review the merits of arbitration awards from its common law origins to the present (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at pp. 14-26), the court noted that a few recent appellate decisions have "inexplicably resurrected" the former minority view that the courts may vacate an arbitration award "when an error appears on the face of the award and causes substantial injustice." (*Id.* at p. 27.) The court firmly rejected this view: "In light of the development of decisional law embracing as exclusive the statutory grounds to vacate an arbitration award, as well as the apparent intent of the Legislature to generally exclude nonstatutory grounds to vacate an award, we adhere to the . . . line of cases that limit judicial review of private arbitration awards to those cases in which there exists a statutory ground to vacate or correct the award. Those decisions permitting review of an award where an error of law appears on the face of the award causing substantial injustice have perpetuated a point of view that is inconsistent with the modern view of private arbitration and are therefore disapproved." (*Id.* at pp. 27-28.)[4]

 Despite the comprehensiveness of *Moncharsh*'s holding, defendant maintains that it does not apply to contractual arbitration mandated by statute. Defendant argues in effect that because the Supreme Court in *Moncharsh* had no occasion directly to consider an arbitration award that sprang from a statutorily mandated proceeding, *Moncharsh* cannot be taken as binding authority with respect to such awards. (Cf. *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689] [opinion not authority for proposition not considered therein].) Furthermore, in defendant's view, the core of the *Moncharsh* rationale—respect for the decision of freely contracting private parties to choose arbitration as a quick, informal means of resolving disputes and to bear the risk of arbitral error—loses its persuasive force where parties enter into arbitration only because the Legislature has compelled them to do so. Therefore, according to defendant, we are free to find that the former rule disapproved in *Moncharsh* (3 Cal.4th at p. 28)—that the courts may vacate an arbitration award for an error of fact or

---

[4]Among the decisions the court expressly disapproves are *Abbott v. California State Auto. Assn.* (1977) 68 Cal.App.3d 763 [137 Cal.Rptr. 580] and *Campbell v. Farmers Ins. Exch.* (1968) 260 Cal.App.2d 105 [67 Cal.Rptr. 175], two decisions arising under Insurance Code section 11580.2 on which defendant seeks to rely. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at pp. 27-28.)

law appearing on the face of the award and causing substantial injustice—still ought to apply to arbitrations carried out under statutory compulsion. Defendant is wrong for two reasons, both derived from *Moncharsh*'s teaching.

First, the statutory scheme to which section 1286.2 belongs (§ 1280 et seq.) encompasses all "private," "contractual" arbitration, including that which is compelled by statute. Section 1281 provides: "A written agreement to submit to arbitration . . . a controversy . . . is valid, enforceable and irrevocable, . . ." It makes no distinction between written agreements to arbitrate which parties contract for of their own volition and those which they are required by statute to incorporate into their contracts. Similarly, the statutes governing the conduct of arbitration proceedings under this scheme (§§ 1282-1284.2), those governing enforcement of the award (§§ 1285-1287.6), and those relating generally to judicial proceedings with respect to awards (§§ 1290-1294.2) make no such facial distinction. In light of *Moncharsh*'s thorough discussion of the legislative history of this statutory scheme (*Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th at pp. 16-26), it is clear that the Legislature would have had no reason to distinguish between the different forms of contractual arbitration (those stemming from private contract and those stemming from statutory mandate) because it wished to encourage all such arbitration to the greatest extent possible.

Second, the public policy underlying the encouragement of contractual arbitration applies equally to all forms of such arbitration. Whether parties go to arbitration because they have contracted to do so or because the Legislature has decided to make arbitration the primary means to resolve certain classes of dispute, the attributes of speed, efficiency, and economy which distinguish arbitration from the judicial process remain constant. Judicial review of the merits of arbitration awards would vitiate these attributes just as surely where arbitration is mandated by statute as where it is chosen by contract.

In enacting section 1286.2, the Legislature decided as a matter of policy to foster arbitration by making awards unreviewable on the merits. Consistent with this decision, it could choose further to decide that certain classes of dispute—such as those involved in uninsured motorist claims—should always be resolved in this quick, efficient, and inexpensive way. We would frustrate the Legislature's policy choice by reinserting judicial review on the merits into such arbitration proceedings.

Defendant asserts that *Moncharsh* leaves an opening for judicial review of the merits of arbitration awards under Insurance Code section 11580.2

because it approves *Allen* v. *Interinsurance Exchange* (1969) 275 Cal.App.2d 636 [80 Cal.Rptr. 247], where the reviewing court affirmed a trial court order vacating an award in an uninsured motorist dispute due to the arbitrator's legal error. (*Id.* at p. 644.) However, *Moncharsh* does not cite *Allen* for this holding, but for its statement that section 1286.2 defines the exclusive grounds for judicial review of arbitration awards. (*Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th at p. 26, citing *Allen* v. *Interinsurance Exchange, supra,* 275 Cal.App.2d at p. 641.)[5] The Supreme Court's citation of *Allen* thus buttresses its holding that arbitration awards may not be vacated for errors of fact or law. (*Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th at pp. 26-28.)

The only other decisions on point which defendant cites are expressly disapproved by *Moncharsh* (see fn. 4, *ante*).

In sum, defendant has made no persuasive argument why the *Moncharsh* rule does not govern arbitrations of uninsured motorist disputes. We hold, therefore, consistent with *Moncharsh,* that section 1286.2 provides the exclusive grounds for judicial review of such arbitrations. Thus we may not consider defendant's claim that the arbitrator erred as a matter of law with respect to the workers' compensation setoff.

## II

In its brief, defendant contends in the alternative that we may vacate the award because the arbitrator exceeded his powers (§ 1286.2, subd. (d)) by deciding a "coverage question"—the workers' compensation setoff—

---

[5]The facts in *Allen* are anomalous, and the court's holding can best be understood by setting out those facts. In the arbitration proceeding, the arbitrator found initially that the injured petitioners could not recover because the contributory negligence of the driver of their vehicle was imputed to them, the passengers, as a matter of law. Shortly afterward, he wrote to the American Arbitration Association stating that he had erred in this legal conclusion and asking what remedy existed. On being advised that only the superior court could give redress, the arbitrator wrote a letter to petitioners' counsel admitting his errors of law. Petitioners sought to vacate the award in superior court, relying on section 1286.2, subdivisions (c) and (e) (arbitrator's misconduct prejudiced a party's rights, "catchall" prejudice provision). (*Allen* v. *Interinsurance Exchange, supra,* 275 Cal.App.2d at pp. 637-638.) The superior court vacated the award on the ground that an error of law appeared on its face. (*Id.* at p. 638.) After discussing the uncertain status of this rule in decisional authority, the reviewing court affirmed on the ground that the arbitrator had exceeded his powers (§ 1286.2, subd. (d)) by misapplying the law, since he was required by Insurance Code section 11580.2 and the insurer's policy to decide the case "in conformity with rules of law." (*Allen* v. *Interinsurance Exchange, supra,* 275 Cal.App.2d at pp. 641-644.)

Thus, by however contorted a reasoning process, the reviewing court purports to rest its holding on section 1286.2, not the "error of law on the face of the award" rule invoked by the trial court. To the extent *Allen* covertly applies that now-disapproved rule, we see nothing in *Moncharsh* that signals approval of *Allen*'s holding (to which *Moncharsh* does not cite).

which the parties did not submit to him and which defendant's policy barred him from considering.[6] We need not decide whether this issue is really a "coverage question" because we agree with the trial court that defendant's arbitration brief unequivocally submitted the issue to the arbitrator.

■ As a general rule, "The submission of a dispute to arbitration as an alternative to judicial adjudication is a matter of contract." (*Pacific Gas & Electric Co.* v. *Superior Court* (1993) 15 Cal.App.4th 576, 588 [19 Cal.Rptr.2d 295].) However, "The parties may submit for decision issues they were not contractually compelled to submit to arbitration. In such event, courts look both the contract *and* to the scope of the submissions to determine the arbitrator's authority. (*Executone Information Systems, Inc.* v. *Davis* (5th Cir. 1994) 26 F.3d 1314, 1323[.])" (Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 1995) ¶ 5:473, p. 5-122.)

■ Here, the parties' briefs in arbitration plainly showed that an issue in dispute was the amount of the workers' compensation setoff to which defendant was entitled. The parties produced different total figures for "the amount" of damages which plaintiff was "legally entitled to recover" (Ins. Code, § 11580.2, subd. (f)) by starting from different assumptions as to the proper amount of the setoff. Thus they submitted this issue for arbitration. Having unequivocally submitted the issue to the arbitrator without objection, defendant may not now complain that the arbitrator exceeded his powers.[7] "It would seem . . . intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not." (*Lindsay-Strathmore I. Dist.* v. *Superior Ct.* (1920) 182 Cal. 315, 338 [187 P. 1056] (conc. opn. of Onley, J.).)

*Furlough* v. *Transamerica Ins. Co.* (1988) 203 Cal.App.3d 40 [249 Cal.Rptr. 703], on which defendant relies, is readily distinguishable. There, the parties made no showing in the trial court as to what issues they

---

[6]At oral argument defendant's counsel suggested no coverage question was submitted to the arbitrator. While we find defendant's position confusing, we address the argument asserted in defendant's brief.

[7]Defendant asks rhetorically how it could have communicated to the arbitrator that it considered this issue off limits, other than by "set[ting] forth the law, the policy language and the maximum amount that could be awarded because of the legally required setoffs." It is not our job to educate parties on how to present their cases. But, at any rate, we think it clear that a party may not fully argue the merits of an issue and present its desired outcome thereon, then claim on review that this was merely its way of telling the arbitrator he could not consider the issue.

submitted for arbitration and did not request a statement of decision. Thus the reviewing court had to decide whether substantial evidence supported the trial court's implied finding that the parties had not submitted an issue for arbitration. Applying the usual rule that all intendments and presumptions are indulged to support the trial court's ruling on a silent record, the reviewing court upheld this implied finding. (*Furlough* v. *Transamerica Ins. Co.*, *supra*, 203 Cal.App.3d at p. 46.) *Furlough* does not support defendant's position because here we have both a showing in the record as to what the parties submitted for arbitration and an express finding by the trial court on this point. That finding was correct.

## DISPOSITION

The judgment is affirmed.

Sparks, Acting P. J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 10, 1996. Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.