Filed 10/2/14  Cohen v. Sheinkopf CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROBERT M. COHEN, | B252301 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SC114552) |
| v. | |
| WENDY L. SHEINKOPF, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Lisa Hart Cole, Judge.  Judgment modified, and affirmed as modified.

Law Offices of Wendy L. Sheinkopf and Wendy L. Sheinkopf for Defendant and

Appellant.

Ogden & Motley and Dale E. Motley for Plaintiff and Respondent.

Robert M. Cohen employed Wendy L. Sheinkopf as a salaried attorney in his law office for one year. During that time, Sheinkopf continued to represent her preexisting client Gina Plant. A dispute arose regarding which attorney, Cohen or Sheinkopf, was entitled to the attorney fees earned in such representation. They submitted the dispute to binding arbitration. The arbitrator found that Cohen and Sheinkopf had orally agreed that Cohen would receive 75 percent and Sheinkopf would receive 25 percent of the fees earned on any case that she brought to the firm, including the Plant matter. The arbitrator concluded that the agreement was valid and enforceable.

Sheinkopf petitioned the trial court to vacate the arbitration award, and Cohen petitioned to confirm the award. The court granted the petition to confirm the award, denied the petition to vacate, and entered a judgment on the award. Sheinkopf timely appealed the judgment. She contends the arbitrator exceeded his authority by enforcing an illegal fee splitting agreement and by finding that the complaint against her was not barred by the statute of limitations. She also contends the court erred by finding that she waived the right to litigate the timeliness of the complaint against her and by failing to include in the judgment a portion of the arbitration award in her favor plus prejudgment interest.

We conclude that the arbitrator did not exceed his powers and that the trial court properly confirmed the arbitration award. We also conclude that the court properly determined that the timeliness of the complaint against Sheinkopf was one of the issues submitted to arbitration and that Sheinkopf was bound by the arbitrator's decision. Finally, we conclude that Sheinkopf is entitled to an award of $6,312 pursuant to the

arbitration award and prejudgment interest on that amount. We therefore will modify the judgment and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Factual Background and Dissolution Proceeding*

In March 2006, Sheinkopf began working for Cohen's firm as a contract attorney, paid by the hour for working on discrete projects. She also maintained her own separate practice known as the Law Offices of Wendy L. Sheinkopf. Plant retained the Law Offices of Wendy L. Sheinkopf in May 2008 to represent her in a marital dissolution proceeding.

Sheinkopf became a salaried employee of Cohen's firm in April 2009 pursuant to an oral agreement. Cohen agreed to pay Sheinkopf a salary of $140,000, and they orally agreed to split the fees earned in the Plant dissolution and in any other case that Sheinkopf brought to Cohen's firm. They agreed that Cohen would receive 75 percent of the fees and Sheinkopf 25 percent.

In September 2009, Sheinkopf received $50,000 in attorney fees earned in the Plant dissolution. That same month, she paid Cohen his 75 percent of that amount. Cohen executed a $6,312 promissory note to Sheinkopf in September 2009 for contract work completed prior to her employment.

A dispute arose concerning health insurance coverage for Sheinkopf, who was suffering from cancer. Cohen terminated Sheinkopf's employment in April 2010. He sent a letter to Plant in April 2010 stating that his firm had represented Plant during the

3

time that Sheinkopf was employed by his firm. He demanded payment of $60,649.67 in attorney fees.

In August 2010, Cohen filed a motion to be relieved as counsel in the Plant dissolution action and a motion for attorney fees. The trial court in the dissolution proceeding relieved Cohen as counsel in December 2010. In ruling on the motion, the court found that Cohen's firm had acted as Plant's counsel of record despite the failure to file a substitution of an attorney. The order noted that during Sheinkopf's period of employment court papers were filed and billings were sent to Plant in the name of Cohen's firm. The court ruled on the fee motion in April 2011, finding that the amount of unpaid fees earned in representing Plant in the dissolution proceeding during the period of Sheinkopf's employment with the Cohen firm was $62,684.67. The court concluded that it had no jurisdiction to resolve the fee dispute between Cohen and Sheinkopf and ordered Sheinkopf to deposit funds in a joint trust account with Cohen pending a determination as to whether Cohen or Sheinkopf was entitled to those fees.

2.      *Complaints and Arbitration*

Cohen filed a complaint against Plant in October 2011 in the present action alleging causes of action for breach of contract and account stated, seeking $62,684.67 in unpaid attorney fees. Plant, represented by Sheinkopf, filed a cross-complaint in July 2012 alleging causes of action for (1) declaratory relief, (2) conversion, and (3) money had and received. Cohen filed a Doe amendment in September 2012 substituting Sheinkopf for a fictitious defendant.

4

Sheinkopf commenced a separate action (Super. Ct. L.A. County, No. 12C02887) against Cohen in August 2012 alleging causes of action for breach of contract and account stated. Specifically, she alleged that Cohen breached the promissory note and sought $6,312 in damages.

Cohen and Sheinkopf agreed to submit their disputes to binding arbitration. They agreed that all issues in both superior court actions were to be resolved by binding arbitration and both superior court actions were stayed.

Cohen and Sheinkopf participated in an arbitration in March 2013 before a retired superior court judge. The arbitrator served a written award on March 19, 2013. He found that "[t]he first and most clear issue is that **Cohen owes Sheinkopf $6,312 for her work [done during the time she was doing contract work for Cohen]. That amount is to be paid forthwith.**" He further found that Cohen and Sheinkopf had agreed that Cohen was entitled to 75 percent and Sheinkopf was entitled to 25 percent of fees earned on any case that Sheinkopf brought to Cohen's firm, including the Plant dissolution. The arbitrator found that the agreement was valid and enforceable and did not violate rule 2-200 of the Rules of Professional Conduct (rule 2-200) because Sheinkopf and Cohen worked together in the same firm.[1] He found that the value of the legal services provided to Plant in the dissolution during the period of Sheinkopf's employment with the Cohen firm was $62,684.67 and stated that Cohen was entitled to 75 percent and Sheinkopf was entitled to 25 percent of those fees.

---

[1]     Rule 2-200 prohibits certain fee splitting arrangements.

5

The arbitration award stated, "Applying that formula, **Sheinkopf is entitled to $15,671.17 and Cohen is entitled to $47,013.50. Sheinkopf is ordered to make an adjusting payment to Cohen, after division of the jointly held funds, to satisfy this award. The total shall be adjusted for the slight loss of value of the deposited funds, that adjustment to be borne equally.**"

The arbitration award stated further, "This award is intended to resolve all the issues between the parties as well as any issue regarding fees alleged in the civil action to be owed by Plant to Cohen as well as the civil action pending between Sheinkopf and Cohen. **It is therefore ordered that the civil action by Cohen against Plant and the civil action by Sheinkopf against Cohen be dismissed.**"

3.     *Confirmation of the Arbitration Award*

Sheinkopf filed a petition to vacate the arbitration award on the ground that the arbitrator exceeded his authority and the award could not fairly be corrected. (Code Civ. Proc., § 1286.2, subd. (a)(4).)[2] She argued that the award enforced an oral fee splitting agreement made without the client's written consent in violation of rule 2-200 and that the arbitrator exceeded his authority because the award violated a well-defined public policy. She also argued that the two-year limitations period had run before Cohen named her as a defendant and that she therefore was not a proper party and the court lacked jurisdiction to confirm the award. Cohen opposed the petition.

---

[2]     All statutory references are to the Code of Civil Procedure.

Cohen filed a petition to confirm the award. Sheinkopf and Plant jointly opposed the petition. The trial court granted the petition to confirm the award and denied the petition to vacate.

In its ruling, the trial court noted that it could not review the arbitrator's decision for errors of fact or law and that the arbitrator did not exceed his powers within the meaning of sections 1286.2, and 1286.6, so long as the issues decided were within the scope of the controversy submitted to him. The trial court found that there was no dispute that "the issues decided by [the arbitrator] were placed squarely before him by both parties. Rather, all arguments made in support of the petition to vacate the arbitration award deal with the factual and/or legal correctness of the award." The court concluded that it could not review the correctness of the arbitrator's decision enforcing the fee splitting agreement and that "any attempt to litigate the timeliness of the Doe amendment was waived when Sheinkopf agreed to proceed to arbitration."

4.    *Judgment and Appeal*

The trial court entered a judgment on August 29, 2013, awarding Cohen $49,113.01, including prejudgment interest. Sheinkopf timely appealed the judgment.[3]

## *CONTENTIONS*

Sheinkopf contends (1) the arbitrator exceeded his authority by enforcing an illegal fee splitting agreement in violation of public policy; (2) the arbitrator exceeded

---

[3]    Sheinkopf's motion to strike or disregard portions of Cohen's respondent's brief is denied. This court will consider the entirety of the appellate briefs giving each statement and each argument the consideration and weight that it deserves.

7

his authority by awarding damages against Sheinkopf despite the fact that Cohen failed to name her as a defendant within the applicable limitations period; (3) the trial court erred by finding that she waived the right to litigate the timeliness of the complaint against her; and (4) the trial court erred by failing to award her $6,312 pursuant to the arbitration award plus prejudgment interest.

## DISCUSSION

### 1. *The Arbitrator Did Not Exceed his Powers*

California has a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution, and the courts indulge a strong presumption in favor of the finality of an arbitration award. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 380; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9-10, 32 (*Moncharsh*).) A court may not vacate or correct an award because of the arbitrator's legal or factual error, even if the error appears on the face of the award. (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 776.) Judicial review of a contractual arbitration award is limited to the grounds stated in sections 1286.2 and 1286.6.[4] (*Moncharsh*, *supra*, at pp. 26-28.) Section 1286.2 states grounds for vacating an award, while section 1286.6 states grounds for correcting an award.

One of the grounds for vacating an award is that "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision

---

[4] The parties may expressly agree to a broader scope of judicial review. (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1358.) Sheinkopf does not contend the parties so agreed in this case, and there is no indication in the record of such an agreement.

8

upon the controversy submitted." (§ 1986.2, subd. (a)(4).) This ground generally does not authorize judicial review of an arbitration award for errors of fact or law. (*Moncharsh*, *supra*, 3 Cal.4th at p. 28.) "It is well settled that 'arbitrators do not exceed their powers merely because they assign an erroneous reason for their decision.' [Citation.] A contrary holding would permit the exception to swallow the rule of limited judicial review; a litigant could always contend the arbitrator erred and thus exceeded his powers." (*Ibid.*) We independently review the trial court's decision whether an arbitrator exceeded his or her powers, while giving substantial deference to the arbitrator's determination of his or her own authority. (*Kelly Sutherlin McLeod Architecture, Inc. v. Schneickert* (2011) 194 Cal.App.4th 519, 528; *Roehl v. Ritchie* (2007) 147 Cal.App.4th 338, 348.)

An arbitrator exceeds his or her powers by deciding an issue beyond the scope of the controversy that the parties agreed to arbitrate (*Pacific Crown Distributors v. Brotherhood of Teamsters* (1986) 183 Cal.App.3d 1138, 1144), or by awarding relief for a breach of contract that bears no rational relationship to the contract as interpreted by the arbitrator and to the breach found by the arbitrator (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 367). An arbitrator also exceeds his or her powers if the arbitrator, through legal error, denies an employee subject to a mandatory arbitration agreement a hearing on the merits of a claim based on an unwaivable statutory right. (*Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, 680.) There may be other "limited and exceptional circumstances" justifying judicial review of an

9

arbitrator's decision for purposes of deciding whether an arbitrator exceeded his or her powers. (*Moncharsh*, *supra*, 3 Cal.4th at p. 32; accord, *Pearson*, *supra*, at p. 676.)

Several courts have stated that an arbitrator exceeds his or her powers within the meaning of section 1286.2, subdivision (a)(4) by issuing an award that violates "an explicit legislative expression of public policy." (E.g., *Cotchett, Pitre & McCarthy v. Universal Paragon Corp.* (2010) 187 Cal.App.4th 1405, 1416 (*Cotchett*) [an arbitrator may exceed his powers "by issuing an award that violates an explicit legislative expression of public policy"]; *Department of Personnel Administration v. California Correctional Peace Officers Assn.* (2007) 152 Cal.App.4th 1193, 1200 [a court must vacate an arbitration award that violates "a well-defined public policy"].) *Moncharsh*, *supra*, 3 Cal.4th at page 32, cautioned, however, that "[a]bsent a clear expression of illegality or public policy undermining th[e] strong presumption in favor of private arbitration, an arbitral award should ordinarily stand immune from judicial scrutiny."

The California Supreme Court in *Moncharsh*, *supra*, 3 Cal.4th 1, rejected the plaintiff's contention that the arbitrator exceeded his powers by enforcing a provision in the plaintiff's written employment agreement with a law firm. The plaintiff, an attorney, argued that the provision violated former rule 2-108 of the Rules of Professional Conduct, prohibiting certain fee splitting arrangements, and other rules and therefore violated public policy. *Moncharsh* concluded that the plaintiff failed to overcome the strong presumption in favor of the finality of an arbitration award, and declined to review the merits of the award. *Moncharsh* stated: "We perceive, however, nothing in the Rules of Professional Conduct at issue in this case that suggests

10

resolution by an arbitrator of what is essentially an ordinary fee dispute would be inappropriate or would improperly protect the public interest. Accordingly, judicial review of the arbitrator's decision is unavailable." (*Moncharsh*, *supra*, at p. 33.)

*Cotchett*, *supra*, 187 Cal.App.4th 1405, rejected a similar contention based on rule 4-200(A) of the Rules of Professional Conduct, which prohibits an illegal or unconscionable fee. *Cotchett* involved the arbitration of a dispute between a law firm and its client concerning the amount of attorney fees due under a contingency fee agreement. The client argued that the amount awarded by the arbitrator was unconscionable in violation of rule 4-200(A) and therefore violated public policy, justifying judicial review of the award. (*Cotchett*, *supra*, at pp. 1415-1416.) *Cotchett* concluded that the arbitration award was final and was not subject to judicial review based on a purported violation of public policy. (*Id.* at p. 1418.) *Cotchett* stated, "To permit judicial review of the arbitrator's award in this case would be contrary to the strong public policy favoring the finality of arbitration awards, even though the amount awarded has been couched as a public policy violation. [Citation.]" (*Ibid.*)

Similarly here, we conclude that the prohibition against certain fee splitting arrangements in rule 2-200 and the public policy served by that prohibition do not justify judicial review of the arbitration award. Sheinkopf attempts to distinguish the fee splitting dispute in this case from the "ordinary fee dispute" in *Moncharsh* (*Moncharsh*, *supra*, 3 Cal.4th at p. 33), but she has not shown any difference that would overcome the presumption in favor of the finality of the arbitration award and justify judicial review.

11

Our conclusion is the same with respect to Sheinkopf's contention that the arbitrator exceeded his powers by awarding damages against her despite the fact that Cohen failed to name her as a defendant within the applicable limitations period. The statute of limitations and the public policy that it serves do not justify judicial review of the arbitration award. The argument that the arbitrator exceeded his authority appears to be only an attempt to challenge the merits of the arbitrator's decision on the statute of limitations in the guise of a challenge to the arbitrator's powers. Sheinkopf has not shown that the arbitrator exceeded his powers in this regard and has failed to overcome the presumption in favor of the finality of the arbitration award.

2. *The Trial Court Did Not Err by Concluding That Sheinkopf Waived the Right to Litigate the Statute of Limitations Issue*

We regard the trial court's statement that Sheinkopf waived the right to litigate the timeliness of the complaint against her as another way of stating that the parties agreed to submit the issue to arbitration. Sheinkopf argued the merits of the statute of limitations issue in the arbitration and did not object that the issue was beyond the scope of the controversy submitted to arbitration. Having submitted the issue to the arbitrator for his determination without objection, Sheinkopf cannot challenge the arbitrator's decision in court on the grounds that the issue was beyond the scope of the controversy submitted to arbitration. (*J.C. Gury Co. v. Nippon Carbide Industries (USA) Inc.* (2007) 152 Cal.App.4th 1300, 1302, 1305-1306.)

12

3.      *Sheinkopf Is Entitled to an Award of $6,312 and Prejudgment Interest*

Sheinkopf also contends she is entitled to an award of $6,312 pursuant to the arbitration award and prejudgment interest on that amount.  We agree and will modify the judgment accordingly.

A court ruling on a petition to confirm an arbitration award "shall confirm the award as made . . . unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding."  (§ 1286.)  "If an award is confirmed, judgment shall be entered in conformity therewith."  (§ 1287.4.)  The entry of a judgment not in conformity with a confirmed arbitration award violates section 1287.4 and is reversible error.  (*Devonwood Condominium Owners Assn. v. Farmers Ins. Exchange* (2008) 162 Cal.App.4th 1498, 1506, 1509.)

Cohen served a proposed judgment on Sheinkopf on August 7, 2013, after the hearing in which the trial court granted the motion to confirm the arbitration award.  The proposed judgment included the arbitrator's award of $47,013.50 in favor of Cohen and prejudgment interest on that amount from the date of the arbitration award, but did not include the arbitrator's award of $6,312 in favor of Sheinkopf.  The court signed and entered the proposed judgment as its judgment on the arbitration award on August 28, 2013.

The judgment omits the $6,312 awarded by the arbitrator to Sheinkopf and fails to conform with the confirmed arbitration award in this regard.  We conclude that the judgment must be modified to include the $6,312 award.  Sheinkopf also is entitled to

13

prejudgment interest on that amount[5] from the date of the arbitration award pursuant to

Civil Code section 3287, subdivision (a).  (*Britz, Inc. v. Alfa-Laval Food & Dairy Co.*

(1995) 34 Cal.App.4th 1085, 1106-1107.).[6]

---

[5]     Civil Code section 3289, subdivision (b) provides that the prejudgment interest rate on a contractual obligation is 10 percent per annum absent another rate specified by the contract.

[6]     Cohen requests monetary sanctions in his respondent's brief, but he failed to file a separate motion as required by rule 8.276(b)(1) of the California Rules of Court, so his request is denied.  (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919.)

## *DISPOSITION*

The judgment is modified to include an award of $6,312 against Cohen and in favor of Sheinkopf, and prejudgment interest on that amount from March 19, 2013, at the rate of 10 percent per annum.  As so modified, the judgment is affirmed.  Cohen is entitled to costs on appeal.


## *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*


EDMON, J.[*]

WE CONCUR:



KITCHING, Acting P. J.



ALDRICH, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.