Filed 12/10/24  Li v. Uber Technologies CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| YINGNAN LI,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>        Defendant and Appellant. | A168618<br><br><br>(City & County of San Francisco<br>Super. Ct. No. CPF23517965) |

Yingnan Li initiated arbitration against her former employer, Uber Technologies, Inc. (Uber), alleging gender discrimination and retaliation. The arbitrator issued an award granting Uber's motion for summary judgment based upon the statute of limitations.  Li filed a petition to vacate the award.  The trial court vacated the award as to Li's termination claims based on the arbitrator's legal error in ruling the claims were untimely, which deprived Li of a hearing on the merits of her unwaivable statutory claim.  We affirm.

### BACKGROUND[1]

In June 2017, Li was hired as a software engineer at Uber.  On December 14, 2018, Li filed an administrative complaint with the

---

[1] Uber filed a request for judicial notice asking that we take judicial notice of 10 documents filed in court proceedings or in the arbitration.  The factual and procedural background section of Uber's opening brief largely

Department of Fair Employment and Housing (DFEH) alleging sexual harassment, gender discrimination, and retaliation (2018 DFEH complaint). She received a right to sue letter the same day. On March 7, 2019, Uber terminated Li.

On August 20, 2019, Li filed a civil lawsuit against Uber, alleging causes of action for gender discrimination, sexual harassment hostile work environment, failure to prevent discrimination and harassment, retaliation, failure to provide equal pay, unlawful and unfair business practices, and wrongful termination. Uber moved to compel arbitration of all causes of action except sexual harassment. Li did not oppose the motion to compel arbitration and instead requested dismissal without prejudice of all of her claims other than sexual harassment. On November 1, 2019, the court granted Li's request for dismissal. On February 22, 2021, the court granted Uber's motion for summary judgment on the one remaining claim for sexual harassment.

---

relies on the documents it requests be judicially noticed, rather than on the clerk's transcript. This is a violation of the California Rules of Court, rule 8.204(a)(1)(C), which requires that reference to factual matters in parties' briefs be supported by a citation to the appellate record. Uber's request for judicial notice admits that none of the documents were submitted to the trial court. "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 (*Vons*).) Uber provides no explanation for its failure to present to the trial court the documents it now requests we judicially notice for the first time on appeal. Nor does Uber argue that exceptional circumstances exist to justify deviating from the general rule. (*Ibid.*) We deny Uber's request for judicial notice and rely upon the documents that were presented to and considered by the trial court and are part of the appellate record.

On March 3, 2021, Li filed a demand for arbitration alleging gender discrimination and retaliation. On October 13, 2021, during a case management conference in the arbitration, Uber stated that it intended to file a motion for summary judgment on the grounds that Li's claims were untimely. On October 29, 2021, Uber filed its motion for summary judgment, arguing that Li's claims were barred by the statute of limitations because she failed to file her demand for arbitration within one year of receiving her December 2018 right to sue letter. On November 30, 2021, Li's counsel withdrew from the case, and Li was granted extensions to file her opposition to Uber's motion.

On February 28, 2022, Li filed a second administrative complaint with the DFEH alleging sexual harassment, gender discrimination, and retaliation (2022 DFEH complaint). The February 28, 2022 administrative complaint referred to Li's March 7, 2019 termination and alleged she was terminated as a result of sex and gender discrimination and in retaliation for complaining of discrimination. The DFEH issued Li a right to sue letter on February 28, 2022, which stated Li may bring a civil action under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) (FEHA) which must be filed within one year of February 28, 2022. On July 17, 2022, after obtaining new counsel, and with the permission of the arbitrator, Li filed an amended statement of claims referring to her 2022 DFEH complaint, exhausting her administrative remedies as to her termination. Uber filed a second motion for summary judgment, addressing Li's amended statement of claims.

On November 2, 2022, the arbitrator issued an award granting Uber's motion for summary judgment. The arbitrator found that all of Li's claims were barred because the arbitration was not filed within one year of the 2018

DFEH right to sue letter. The award states, in relevant part, "The subject matter of this arbitration is essentially the same as the allegations of the initial 2018 DFEH charge, including her termination, and filing a second charge in February of 2022, covering the same conduct, cannot restart the clock. Ms. Li cannot revive expired claims by filing a new DFEH complaint based on the same facts."

Li filed a petition to vacate the award on the basis that the arbitrator exceeded her power by issuing an award violating her unwaivable statutory rights. She argued that her claims were timely based upon her 2022 DFEH right to sue letter and that the arbitrator incorrectly found that the limitations period began from the date of Li's 2018 DFEH right to sue letter, which was issued prior to her termination in March 2019.

The trial court granted, in part, Li's petition to vacate. The order states: "Plaintiff filed her first [DFEH] complaint on December 14, 2018, prior to her termination, and belatedly filed her demand for arbitration on March 3, 2021. While arbitration was pending, and after respondent had filed a summary judgment motion, petitioner filed a second DFEH complaint. The new DFEH complaint in part regarded plaintiff's termination, which occurred after her original complaint. [¶] Petitioner was terminated on March 7, 2019, and the (newly enacted three-year) limitations deadline for her to file a complaint with DFEH as to that was March 7, 2022. Plaintiff timely filed her second DFEH complaint on February 28, 2022. [¶] The arbitrator allowed petitioner to amend her complaint, and petitioner agreed that the arbitrator should rule on respondent's summary judgment motion based on the second DFEH complaint. [Citation.] [¶] The arbitrator ruled that petitioner could not rely on the 2022 DFEH notice to resurrect claims that had lapsed. The arbitrator stated: 'the subject matter of this arbitration

4

is essentially the same as the allegations of the initial 2018 DFEH charge, including her termination, and filing a second charge in February of 2022, covering the same conduct, cannot restart the clock.'  Actually, plaintiff's 2018 DFEH complaint could not have addressed her termination, because it did not occur until 2019. [¶] In *Pearson Dental Supplies, Inc. v. Sup. Ct.* (2010) 48 Cal.4th 665, the arbitrator committed a 'clear error of law' by ruling that an employee's claim was time-barred, thus depriving him of a hearing on the merits.  (Id. at 670.)  *Pearson* holds that when 'an employee subject to a mandatory employment arbitration agreement is unable to obtain a hearing on the merits of his FEHA claims, or claims based on other unwaivable statutory rights, because of an arbitration award based on legal error, the trial court does not err in vacating the award.'  (Id. at 680.) [¶] In similar circumstances here, the arbitrator stated that the subject matter of the arbitration was 'essentially the same' as petitioner's '2018 DFEH charge,' 'including her termination,' so all claims were time-barred.  But petitioner was not terminated until months after her 2018 DFEH complaint. [¶] The award is vacated as to petitioner's termination claims but otherwise confirmed."

**DISCUSSION**

## I.  *Appealability*

Although the parties did not initially brief the issue of appealability, we are obligated to determine whether we have jurisdiction over this appeal. (*Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060.)  Code of Civil Procedure section 1294 provides that "[a]n aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel arbitration. . . . [¶] (b) An order dismissing a petition to confirm, correct or vacate an award. [¶] (c) An order vacating an award unless a rehearing in arbitration is ordered. [¶] (d) A

judgment entered pursuant to this title. [¶] (e) A special order after final judgment."[2] The trial court's order states, "The award is vacated as to petitioner's termination claims but otherwise confirmed." Thus, the order appears to partially vacate the arbitration award. Section 1294 does not allow an appeal from an order only partially vacating an arbitration award. (*Sunnyvale Unified School Dist. v. Jacobs* (2009) 171 Cal.App.4th 168, 174.) Li's petition to vacate also included a request for a new arbitration hearing. Although the trial court's order does not expressly order "rehearing in arbitration," it appears that the practical effect of the order is that a further arbitration proceeding will occur. This suggests that the trial court's order is not a final determination of the rights of the parties but, rather, a nonappealable intermediate ruling. (*Griset v. Fair Policial Practices Com.* (2001) 25 Cal.4th 688, 697.)

We requested supplemental briefing asking the parties to address the question of appealability of the order partially vacating the arbitration award, particularly given that the parties contemplate further arbitration proceedings. Li argues the appeal should be dismissed because the trial court's order does not have the required " 'finality' " to be appealable under section 1294, subdivision (c). She asserts that the substance and effect of the trial court's order is to send the parties back to arbitration to resolve her termination claims. (*Griset, supra*, 25 Cal.4th at p. 698 [" 'It is not the form of the decree but the substance and effect of the adjudication which is determinative' " of the question of whether a judgment or order is final and appealable].)

---

[2] Statutory citations are to the Code of Civil Procedure unless otherwise stated.

6

Uber's opening brief argued that the order was appealable under section 1294, subdivision (c) as an " 'order vacating an award.' " However, in its supplemental brief, Uber argues for the first time that the procedural provisions of the Federal Arbitration Act (9 U.S.C. § 1 et seq.) (FAA) govern and that the order is appealable under United States Code, title 9, section 16, either as a " 'final decision with respect to an arbitration' " (9 U.S.C. § 16(a)(3)) or as an order " 'vacating an award' " (9 U.S.C. § 16(a)(1)(E)). The arbitration agreement states that it is "governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq." It also states that "[a] court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration," and it does not require that the parties' enforcement proceedings be in federal courts rather than state courts. Here, both parties proceeded in the San Francisco Superior Court under the procedural rules of the California Arbitration Act (Code Civ. Proc., § 1280 et seq.) (CAA). In *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, the Supreme Court concluded that a clause in an arbitration agreement stating it is " 'governed by the United States Arbitration Act' " was insufficient to adopt the FAA's enforcement procedures. (*Id.* at pp. 1350–1351, fn. 12.) As here, the agreement in *Cable Connection* did not specify whether enforcement proceedings were to be brought in state or federal court and it permitted enforcement in " 'any court of competent jurisdiction.' " (*Ibid.*) The parties in *Cable Connection* also proceeded in the lower courts on the theory that the CAA was controlling. (*Ibid.*) We find that under the similar circumstances here the parties did not intend for the FAA's procedural provisions regarding enforcement to apply.[3]

---

[3] We are unpersuaded by Uber's reliance on *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, which interpreted an

7

Uber argues the order is also appealable under section 1294, subdivision (c), which provides for an appeal from an "order vacating an award unless a rehearing in arbitration is ordered." It asserts that the order does not mention rehearing and therefore the order is appealable. (See *Marcus & Millichap Real Estate Investment Brokerage Co. v. Woodman Investment Group* (2005) 129 Cal.App.4th 508, 514–515 [finding order vacating award without expressly ordering rehearing is appealable even though a subsequent minute order clarified the court intended " 'rehearing of the arbitration between all parties' "]; *Michael v. Aetna Life & Casualty Ins. Co.* (2001) 88 Cal.App.4th 925, 932 [finding order vacating award appealable when order did not expressly order further arbitration proceedings but court orally granted defendant's request to compel further arbitration], abrogated on other grounds in *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 382–383 & fn. 6.) Although it appears from the record and the status of the parties' dispute that further arbitration proceedings are anticipated, the trial court's order does not expressly require a rehearing in arbitration. Thus, the order is not exempt from section 1294, subdivision (c) for this reason.

Next, we must determine whether the order partially vacating the arbitration award is appealable. Section 1294 does not specifically allow an appeal from such orders. However, Uber urges that we should treat the order as effectively vacating the arbitration award and proceed to consider the merits of the appeal. It cites *Sunnyvale Unified School Dist., supra*, 171 Cal.App.4th 168, in which the court found that an order partially vacating an arbitration award was, in effect, an order vacating the award and, therefore,

agreement to arbitrate " 'pursuant to the FAA' " as an agreement to adopt the FAA's procedural provisions. (*Id.* at p. 1122.) *Rodriguez* was decided before *Cable Connection*, and we find it inconsistent with *Cable Connection*.

it was appealable. (*Id.* at p. 175.) Here, the arbitration award granted Uber's motion for summary judgment based upon the statute of limitations, and the trial court's order vacated the award as to Li's termination claims. We accept Uber's concession that the trial court's order effectively vacated the arbitrator's grant of summary judgment to Uber, and we find the order appealable as an order vacating an arbitration award. (§ 1294, subd. (c).)

## II. *Trial Court Correctly Vacated Award Based on Pearson Dental Supplies, Inc. v. Superior Court*

### A. FEHA Statute of Limitations

Government Code sections 12960 and 12965 provide the statutory deadlines for claims under the FEHA. Government Code section 12960 requires an employee to exhaust the administrative remedy by filing an administrative complaint with the Civil Rights Department (formerly the DFEH) within three years after the alleged unlawful action occurred.[4] (Gov. Code, §§ 12960, subds. (b), (e), 12925, subd. (b).) Government Code section 12965 sets a one-year statutory deadline for an employee to file a civil action after the department issues a right to sue letter. (Gov. Code, § 12965, subd. (c)(1)(C).)

### B. Summary of Relevant Dates Regarding First and Second DFEH Administrative Complaints

On December 14, 2018, Li filed her first administrative complaint with the DFEH, alleging sexual harassment, gender discrimination and retaliation, and she received a right to sue letter the same day. On March 7,

---

[4] Prior to January 1, 2020, the limitations period for filing an administrative claim was one year. (See Gov. Code, § 12960, former subd. (d).) "Effective January 1, 2020, the Legislature amended section 12960 to 'enlarge[] the time for filing a [DFEH] claim to three years from the date of the challenged conduct.'" (*Guzman v. NBA Automotive, Inc.* (2021) 68 Cal.App.5th 1109, 1116, fn. 7; see Gov. Code, § 12960, subd. (e)(5).)

2019, Li was terminated. On August 20, 2019, Li filed a civil lawsuit. Uber moved to compel arbitration of all claims except sexual harassment. On November 1, 2019, the court granted Li's request to dismiss without prejudice all claims other than sexual harassment. On March 3, 2021, Li filed a demand for arbitration, alleging gender discrimination and retaliation. On February 28, 2022, Li filed a second administrative complaint with the DFEH, alleging sexual harassment, gender discrimination, and retaliation, which referenced her March 7, 2019 termination, and she was issued a right to sue letter the same day. On July 17, 2022, Li filed an amended statement of claims in the arbitration referring to her 2022 DFEH complaint, exhausting her administrative remedies as to her termination.

## C.    Analysis

California has a strong public policy preference for arbitration as a speedy, efficient, and final means of dispute resolution. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) In accordance with this preference, judicial review of arbitration awards is limited to the grounds stated in sections 1286.2 and 1286.6. (*Moncharsh*, at pp. 26–28.) Relevant here is section 1286.2, subdivision (a), which states, "[T]he court shall vacate the award if the court determines . . . : [¶] . . . [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." "Arbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916.) Whether an arbitrator exceeded his or her powers is reviewed on appeal de novo. (*Id.* at p. 918, fn. 1.)

10

The trial court relied upon *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665 (*Pearson*) and vacated the award because the arbitrator erroneously found that Li's termination claims were untimely. In *Pearson*, the employee was terminated on January 31, 2006. (*Id.* at p. 670.) In April 2006, he filed an administrative complaint with the DFEH, alleging age discrimination. (*Ibid.*) On April 14, 2006, the DFEH issued a right to sue letter. (*Ibid.*) On October 2, 2006, the employee filed a complaint in court asserting age discrimination and related claims. (*Ibid.*) On April 12, 2007, the trial court granted the employer's motion to compel arbitration. (*Id.* at p. 674.) On June 13, 2007, the parties selected an arbitrator. (*Ibid.*)

The employer filed a motion for summary judgment in the arbitration proceeding, arguing that the claim was time-barred under the one-year period provided in the arbitration agreement because the claim was filed over a year after the employee's termination on January 31, 2006. (*Pearson, supra*, 48 Cal.4th at p. 671.) The employee opposed the motion, arguing that the one-year period in the arbitration agreement was shorter than the statute of limitations provided under the FEHA, which permits complaints to be filed within one year of the date the DFEH issues a right to sue letter. (Gov. Code, § 12965, subd. (c).) The employee also argued that the one-year period had not run because it was tolled under Code of Civil Procedure section 1281.12 from the time the lawsuit was filed to 30 days after the order compelling arbitration became final. (*Pearson*, at p. 671.) The arbitrator granted summary judgment, finding that the employee's " 'failure to submit his claims and disputes to binding arbitration within the one-year period as required by the [arbitration agreement] or within the tolling period prescribed in Code of Civil Procedure section 1281.12 has resulted in a waiver

11

of his right to proceed in this arbitration against his employer . . . .' " (*Id.* at pp. 671–672.)

Our Supreme Court found the award should be vacated because the arbitrator committed a "clear error of law" that amounted to an act in excess of his powers. (*Pearson, supra*, 48 Cal.4th at pp. 669–670.) It held that "when, as here, an employee subject to a mandatory employment arbitration agreement is unable to obtain a hearing on the merits of his FEHA claims, or claims based on other unwaivable statutory rights, because of an arbitration award based on legal error, the trial court does not err in vacating the award. Stated in other terms, construing the CAA in light of the Legislature's intent that employees be able to enforce their right to be free of unlawful discrimination under FEHA, an arbitrator whose legal error has barred an employee subject to a mandatory arbitration agreement from obtaining a hearing on the merits of a claim based on such right has exceeded his or her powers within the meaning of Code of Civil Procedure section 1286.2, subdivision (a)(4), and the arbitrator's award may properly be vacated." (*Id.* at p. 680.)

It is undisputed that Li was terminated on March 7, 2019. Under Government Code section 12960, subdivision (e)(5) as amended effective January 1, 2020, Li had until March 7, 2022, to exhaust her administrative remedies regarding her termination by filing a complaint with the DFEH. (Gov. Code, § 12960, subd. (e)(5).) It is undisputed that on February 28, 2022, Li filed her DFEH complaint alleging her March 7, 2019, termination was in violation of the FEHA. She obtained a right to sue letter on February 28, 2022. Based on these undisputed facts, and *Pearson*'s holding, the trial court found that the arbitrator's determination that Li's termination claims raised in her 2022 DFEH complaint were time-barred because they were

12

" 'essentially the same' " as the discrimination allegations in her December 2018 DFEH complaint was erroneous and required the award to be vacated.

We agree with the trial court's order. Although Li filed her 2018 DFEH complaint in December 2018, alleging sex and gender discrimination, she was not terminated until March 7, 2019. Her second DFEH complaint included the allegations that "as a result of the discrimination [she] was terminated" and that her termination was retaliatory. Obviously, Li's 2018 DFEH complaint could not have included any allegations based upon her March 7, 2019 termination. Under the FEHA, Li had until March 7, 2022, to file her DFEH complaint alleging discriminatory and retaliatory termination. (Gov. Code, § 12960, subd. (e)(5).) Li's February 28, 2022, DFEH complaint was timely, and she had one year from the February 28, 2022, DFEH right to sue letter within which to initiate arbitration regarding her discriminatory and retaliatory termination. (Gov. Code, § 12965, subd. (c)(1)(C).) As in *Pearson*, the arbitrator committed a "clear error of law" when it found Li's termination claims time-barred and the error deprived Li of the ability to obtain a hearing on the merits of her FEHA claim. (*Pearson, supra*, 48 Cal.4th at pp. 670, 680.) Thus, the arbitrator exceeded its powers within the meaning of section 1286.2, subdivision (a)(4), and the award was properly vacated. (*Pearson*, at p. 680.)

Uber argues that Li waived her right to challenge the arbitrator's award because she submitted the issue to the arbitrator. We disagree. None of the decisions on which Uber relies to support its waiver argument involved a party's unwaivable statutory rights under the FEHA. (*Porter v. Golden Eagle Ins. Co.* (1996) 43 Cal.App.4th 1282, 1286 [uninsured motorist insurance compensation dispute]; *Douglass v. Serenivision, Inc.* (2018) 20 Cal.App.5th 376, 381 [business dispute]; *Moncharsh, supra*, 3 Cal.4th at pp.

13

6–7 [employment contract dispute between attorney and former law firm regarding sharing of attorney fees]; *University of San Francisco Faculty Assn. v. University of San Francisco* (1983) 142 Cal.App.3d 942, 945 [pension plan dispute]; *Cohen v. TNP 2008 Participating Notes Program, LLC* (2019) 31 Cal.App.5th 840, 849–850 [business dispute alleging breach of promissory notes and guaranty, intentional misrepresentation, and breach of covenant of good faith and fair dealing]; *J.C. Gury Co. v. Nippon Carbide Industries (USA) Inc.* (2007) 152 Cal.App.4th 1300, 1303–1304 [business contract dispute alleging product defects].)[5]  We find that Li's submission of the issue of timeliness to the arbitrator did not waive her right to seek to vacate the award on the basis that the arbitrator made a legal error that prevented Li from obtaining a hearing on the merits of her FEHA claim.  (*Pearson, supra*, 48 Cal.4th at p. 680.)

Uber also attempts to distinguish *Pearson* by arguing that the arbitrator did not ignore a statutory mandate when it determined that Li's claims were barred by the statute of limitations.  Uber claims that the statute of limitations does not protect Li and therefore the arbitrator could not have violated Li's " 'right' " to the statute of limitations.  We reject Uber's argument.  Li's position is that the arbitrator wrongly decided that the deadline to file her arbitration demand began to run from the December 2018 DFEH letter even though she was not terminated until March 7, 2019, and did not receive a right to sue letter regarding her termination until February 28, 2022.  This legal error resulted in the loss of her ability to have

---

[5] Throughout its brief, Uber cites unpublished California appellate court decisions in violation of California Rules of Court, rule 8.1115.  We do not consider these decisions, and we remind counsel that persistent citation to unpublished decisions in violation of rule 8.1115 may warrant sanctions. (*People v. Williams* (2009) 176 Cal.App.4th 1521, 1529.)

a hearing on the merits of her discrimination claims and violated her unwaivable statutory rights under the FEHA. We find that the arbitrator erroneously determined that Li's termination claims were untimely, contrary to the deadlines provided under the FEHA. The FEHA provisions governing timing of filing administrative claims and lawsuits are statutory mandates that may, as here, result in an employee's inability to have a hearing on the merits of his or her discrimination claims when the arbitrator misapplies the statute. (*Pearson, supra*, 48 Cal.4th at p. 680.)

Nor are we persuaded by Uber's argument that *Pearson*'s analysis only applies when the arbitrator fails to explain its decision in writing and that, therefore, it is not applicable here because the arbitrator issued a written decision. *Pearson*'s holding does not state that it is limited to situations when the arbitrator fails to explain its decision in writing. (*Pearson, supra*, 48 Cal.4th at p. 680.) There, the arbitrator issued a ruling granting a summary judgment motion, which stated the plaintiff's " 'failure to submit his claims and disputes to binding arbitration within the one-year period as required by the Dispute Resolution Agreement or within the tolling period prescribed in Code of Civil Procedure section 1281.12 has resulted in a waiver of his right to proceed in this arbitration against his employer. . . .' " (*Pearson*, at pp. 671–672.) The Supreme Court found the arbitrator committed a clear error of law by improperly interpreting section 1281.12 (*Pearson*, at pp. 674–675) in violation of the employee's unwaivable statutory rights. (*Ibid.*) Similarly here, the arbitrator erroneously determined, based on undisputed facts, that Li's 2018 right to sue letter began the limitations period for her claims alleging wrongful and retaliatory termination in March 2019.

Uber argues that the arbitrator's decision was correct even if it deprived Li of an unwaivable statutory right. It claims that the arbitrator

15

was correct in "law and equity" when it determined that all of Li's claims were time-barred because they were not filed within one year of the December 2018 right to sue letter. Uber again cites several unpublished California appellate court decisions for the position that a new right to sue letter does not revive the statute of limitations for claims that were already covered by a prior DFEH complaint. The one published decision Uber cites (*Acuna v. San Diego Gas & Electric Co.* (2013) 217 Cal.App.4th 1402) actually supports Li. In *Acuna*, the employee filed three DFEH complaints at different points alleging various forms of discrimination and retaliation, and she received three separate right to sue letters. (*Id.* at pp. 1413–1414.) Her third DFEH complaint was filed in October 2008, after her July 2008 termination, and it alleged she was terminated for retaliatory reasons. (*Id.* at p. 1418.) The employee filed her lawsuit within a year of the date of her third right to sue letter, but over a year from the date of her two earlier right to sue letters. (*Id.* at pp. 1413–1414.) The court found some of the employee's claims untimely because they were not filed within one year of the two earlier right to sue letters. (*Id.* at pp. 1416–1417.) However, it rejected the employer's argument that the retaliatory termination claim also was untimely because she did not file her lawsuit within one year of the dates of her two earlier right to sue letters and explained, "[T]he critical point is that Acuna filed her lawsuit within one year of the third right-to-sue notice. The notice pertained to Acuna's third DFEH complaint alleging conduct that occurred *after* the first two DFEH complaints were filed and after she received the first two right-to-sue notices." (*Id.* at p. 1419.) Here too Li's 2022 DFEH complaint alleged conduct that occurred *after* her 2018 DFEH complaint.

Uber claims that Li understood her 2018 right to sue letter applied to her termination claim because she alleged wrongful termination in her civil lawsuit filed in August 2019. Uber asks that we take judicial notice of Li's court complaint. However, as we discuss *ante*, Uber did not ask the trial court to take judicial notice of this complaint or of any of the other documents it now asks us to judicially notice. Nor does Uber provide any reason for its failure to do so or argue that exceptional circumstances exist to justify deviation from the rule that an appellate court considers only matters that were before the trial court. (*Vons, supra*, 14 Cal.4th at p. 444, fn. 3.) Our de novo review of the trial court's order does not extend to review of evidence not before the trial court.

Uber further argues that the arbitrator's decision was correct under principles of equity. It argues that the only reason Li gave for requesting extensions to respond to Uber's motion for summary judgment was that she needed to obtain new counsel and that the arbitrator correctly determined the extensions were not granted so that Li could " 'cure a defect' " in her complaint. Uber again relies upon a document that was not presented to the trial court. Even more significantly, Uber fails to provide any authority suggesting that an arbitration award based on legal error that violates an employee's unwaivable statutory rights under the FEHA and prevents the employee from obtaining a hearing on the merits of her discrimination claim may nonetheless be upheld based on equitable principles. We reject Uber's arguments.

## DISPOSITION

The trial court's order is affirmed.  Uber's request for judicial notice is denied.  Li shall recover her costs on appeal.


                                        Jackson, P. J.

WE CONCUR:

Simons, J.
Chou, J.